Pierson B. Hildreth, S.
By this probate proceeding proponent as executrix named in the will offered for probate requests probate of a will of the decedent dated November 8, 1973.
The petition for probate expressly alleges that the name of the testatrix on the will was signed by another, namely one Arnold Jacobs. Said Arnold Jacobs is a legatee under the will receiving a legacy of $10,000. His affidavit is filed as part of the petition. He state's that he brought the will to testatrix at the hospital where she was confined, and that he did sign the name of testatrix to the will, which she authorized him to do because she was not physically able to hold a pen. He did not however sign either his own name or his address to the will as is required by EPTL 3-2.1 (subd. [a], par. [1], cl. [C]).
*727 There are two attesting witnesses to the will each of whom by affidavit pursuant to SOPA 1406 state's that said Jacobs signed the name of testatrix to the will in the hospital, that testatrix was not physically able to hold a pen, that she authorized said Jacobs to sign her name which he did in their presence, and that testatrix declared to them that it was her will and requested them to sign as attesting witnesses, which they did, all in the presence of each other, the testatrix and said Jacobs.
EPTL 3-2.1 (subd. [a], par. [1]) provides that a will may be signed “ in the name of the testator, by another person in his presence and by his direction, subject to the following: * * *
(C) Any person who signs the testator’s name to the will, as provided in subparagraph (1), shall sign his own name and affix his residence address to the will but shall not be counted as one of the necessary attesting witnesses to the will. A will lacking the signature of the person signing the testator’s name shall not be given effect; provided, however, the failure of the person signing the testator’s name to affix his address shall not affect the validity of the will.”
The language of the statute is specific in mandating that one who signs a testator’s name to a will cannot be a necessary attesting witness and that such will shall not be given effect if it lacks the signature of the person signing the testator’s name. Failure to affix the address of the person signing does not affect validity, but there is no saving clause for failure of the person signing to sign his own name.
Proponent in her memorandum indicates that the present language of the statute would appear to bar probate of this will because it lacks the signature of the person who signed the name of testatrix, but suggests that the statute was intended only to make it clear that such person could not be a necessary attesting witness.
EPTL 3-2.1 (subd. [a], par. [1], cl. [C]) was amended by chapter 618 of the laws of 1973, effective September 1, 1973 applicable to wills executed after that date. The will offered for probate was executed November 8, 1973, hence the present statute applies.
Prior to said amendment EPTL 3-2.1 (subd. [a], par. [1], cl. [C]) read as follows: “ Any person who signs the testator’s name to the will, as provided in subparagraph (1), shall sign his own name and affix his residence address to the will but shall not be counted as one of the necessary attesting witnesses to the will, provided that a failure to comply with this sub-paragraph shall not affect the validity of the will.” As *728 explained in the Supplementary Practice Cloapmentairy by Boh&n under said section in' McKinney’s Consolidated Laws of New York (Book 17B, 1974-1975 Pocket Part, EPTL, § 3-2.1, p. 33), the prior" statute could he read to mean that a person signing testator’s name to a. will need not sign either .his name or address and might also he a necessary attesting witness. The amendment deleted the former saving clause and substituted the provision that only the failure to affix address would not affect the validity of the will. Under the statute as so amended and in effect as to wills made after September 1,1973, it seems to be clearly stated that a will to which another person signs the name of the testator is invalid if the person sighing for testator is a necessary witness or if*’Such person fails to sign his mame. As stated in the commentáry (p. 34): “ Accordingly, it may be concluded that in no event can such person serve as a necessary witness. If not serving as a necessary witness, denial of probate iwill still result if such ..person fails to affix Ms name to the will.”
The court holds, therefore, that the will dated November 8, 1973 (must be denied probate as a matter of law for failure of .the person signing the name of testatrix to the will to sign Ms own name as required by EPTL 3-2.1 (subd. [a], par. [1], cl. [c]). By this decision the court makes no determination as to testamentary capacity or whether the will was otherwise executed in accordance with statutory requirements. The petition states that there is a prior will of decedent dated August 7,1971 nn file in the court, and this decision is likewise -without prejudice to any proceedings which may he instituted concerning such prior will.
Submit decree on notice denying probate.