## In the Matter of the Estate of AMELIA CORRATO, Deceased.

Surrogate's Court, Bronx County, January 5, 1989

### APPEARANCES OF COUNSEL

*Angelo C. Ninivaggio* for proponent.

### OPINION OF THE COURT

LEE L. HOLZMAN, J.

The issue in this probate proceeding is whether decedent, who could neither read nor write, executed her will in accordance with the requirements of EPTL 3-2.1. The two attesting witnesses, an attorney and his wife, testified pursuant to SCPA 1404. Decedent executed the will by placing her "X" mark on the signature line. The attorney, based upon a belief that the "X" mark required clarification, added to the signature line the words "her mark" and then signed decedent's name.

Counsel's intentions were noble. Unfortunately, the method

he used to carry out these intentions raised rather than settled issues as to whether the instrument is entitled to be admitted to probate. Clearly, if his signing of decedent's name was intended to be a signing in her presence and her direction, the instrument could not be admitted to probate both because the attorney failed to sign his own name and because he then could not be counted as 1 of the 2 necessary attesting witnesses (EPTL 3-2.1 [a] [1] [C]).

However, the propounded instrument can be saved by treating counsel's additions to the signature line ("her mark" and the signing of her name) as meaningless surplusage. Consequently, decedent's "X", standing alone, is her signature on the will as required by EPTL 3-2.1, and counsel's own signature as an attesting witness can be counted as 1 of the 2 required attesting witnesses (*Matter of McCready,* 82 Misc 2d 531, and cases cited therein). Nevertheless, if the testatrix can only sign her name by her "X" mark, the preferred practice is not to make any clarifications on the signature line but instead to recite in the attestation clause that the entire will was read aloud to the testatrix and that she signed it by placing her "X" mark on it.

The court is satisfied that the will was executed in accordance with the statutory requirements and that, at the time of execution, the testatrix was in all respects competent to make a will and free from restraint (EPTL 3-2.1; SCPA 1408). Accordingly, the propounded instrument is admitted to probate.