OPINION OF THE COURT
Peter N. Wells, S.
This petition for probate presents a case of first impression to this court. The testator died on May 12, 1992. His last will and testament is dated January 2, 1992. The testator did not sign his last will and testament himself, but rather directed his attorney, in the presence of two attesting witnesses to sign *903 his name for him. Beneath this signature is typed the testator’s name, followed by the words "signed and executed at his direction by Ralph J. Vitiello, Esq.” The attorney did not sign his own name, nor did he affix his residence address to the will.
EPTL 3-2.1 (a) (1) (C) states: "Any person who signs the testator’s name to the will, as provided in subparagraph (1), shall sign his own name and affix his residence address to the will but shall not be counted as one of the necessary attesting witnesses to the will. A will lacking the signature of the person signing the testator’s name shall not be given effect; provided, however, the failure of the person signing the testator’s name to affix his address shall not affect the validity of the will.”
A review of the legislative history behind EPTL 3-2.1 (a) (1) (C) is in order. The prior statute required that a person signing for the testator affix his name and residence on the will and not act as a necessary witness. However, failure to follow these requirements did not affect the validity of the will. (See, Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-2.1, at 338-339 [1981].)
The statute was amended in 1973 to provide that the failure of the person signing on behalf of the testator to sign his own name and to affix his residence address results in a denial of probate. It seems that the purpose of this change was to prevent the person signing the will for the testator from also acting as one of the two necessary witnesses. (Id.) It is submitted that this mandate might also serve to give notice to interested parties regarding the capacity of the testator. This is not a problem in this matter since it appears from the face of the document that the testator was unable to sign his own name.
In the present situation, the person signing for the testator did not act as an attesting witness. Moreover, the attesting witnesses state in their affidavits that the decedent specifically requested and directed that Mr. Vitiello sign his will in their presence. Thus, the very scenario that the statute was designed to prevent, that of the person signing for the decedent also acting as one of the two attesting witnesses is clearly not present. Additionally, all persons interested in the estate have executed waivers.
The only similar case this court has been able to find on this subject is Matter of Helgesen (80 Misc 2d 726), in which the *904 court denied probate to a will where the person signing on behalf of the testator failed to sign his own name and address to the will. However, Helgesen is distinguishable from the present situation in that the individual signing the testator’s name in that case was also a legatee. Moreover there was no indication on the face of the Helgesen instrument that disclosed the nature of the testator’s signature.
The laws that guide the courts and thus society must be sufficiently malleable so as to allow matters to be resolved on the merits if at all possible. Justice is thereby insured and equity prevails. As so succinctly set forth by Surrogate Horey in Matter of Fuss (151 Misc 2d 689, 691): "as is repetitively the case of Surrogate Judges, this court imitates the legendary Knights Lochinvar, Percival and Ord and sallies forth in quest of a goal both elusive and veiled — theirs the Holy Grail — ours testamentary intent.” In the present situation, putting form over substance and denying probate would result in thwarting the clear intentions of the testator. This the court will not do.
Accordingly, the court will admit to probate the will of Georges H. Merklinger dated January 2, 1992, signed at his request and direction by Ralph J. Vitiello, Esq.