■ In the Matter of the Estate of MADELINE MORRIS, Also Known as MADELINE V. MORRIS, Deceased. MELINDA MORRIS et al., Appellants; JAMES W. MORRIS, Respondent. [617 NYS2d 513] —In a contested probate proceeding, the appeal is from a decree of the Surrogate's Court, Queens County (Nahman, J.), dated February 24, 1992, which, after a nonjury trial, admitted the decedent's will to probate.

Ordered the decree is affirmed, with costs payable by the appellant personally.

The determination of the Surrogate, who presided at the trial and heard all of the testimony, is entitled to great weight in this case, which hinged on the credibility of the witnesses *(see, Matter of Feinberg,* 150 AD2d 376; *Matter of Thorne,* 108 AD2d 865). Upon our review of the record, we find no basis to set aside that finding.

With respect to the issue of the decedent's testamentary capacity, evidence was presented at trial that, upon her admission to a nursing home, the decedent suffered periods of disorientation and confusion. However, the uncontroverted evidence establishes that, when the will was executed, the decedent was alert and understood what was taking place *(see, Matter of Buckten,* 178 AD2d 981). The evidence also establishes that the decedent was aware of the natural objects of her bounty and the nature and extent of her property, and therefore she possessed testamentary capacity *(see, Matter of Kumstar,* 66 NY2d 691).

The Surrogate's determination that the will was duly executed is supported by a preponderance of the evidence. If a testator who is physically unable to sign her name requires assistance, she may call another to her aid even to the extent of holding her hand and guiding it *(see, Matter of Kearney,* 69 App Div 481). Here, contrary to the appellants' contentions, the uncontroverted evidence establishes that the decedent signed her will herself and that one of the witnesses merely supported her arm while she did so. Moreover, while there is conflicting testimony with regard to whether the decedent actually could read her will because, allegedly, she was legally blind, the attorney-preparer summarized the will's contents for her, and the decedent indicated that the will expressed her wishes. Finally, the decedent understood the nature of the act she was performing, the nature and extent of her property, and who her heirs were.

We have reviewed the appellants' remaining contentions and find that they are without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.