■ In the Matter of the Estate of WILLIAM ZIEGLER, JR., Deceased. ERIC M. STEINKRAUS et al., Appellants; WILLIAM ZIEGLER, III, et al., Respondents. [623 NYS2d 589] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about April 4, 1994, which granted respondents' motion for summary judgment dismissing petitioners' application to reopen a 1973 decree of the same court (Samuel DiFalco, S.) settling the final account of the deceased's executors, unanimously affirmed, without costs.

The Surrogate properly refused to reopen the 1973 accounting, even if it be assumed in petitioners' favor that the decedent intended that his two children involved in these proceedings share control of the family business, contrary to the ultimate result of the one share difference in the distribution of stock to the two children approved in the 1973 decree. If respondents' potential for control of business as a result of such distribution was present in the 1973 proceedings, then it was incumbent on those who represented petitioners' interests at that time to object, and the doctrine of res judicata bars them from doing so now. On the other hand, if the potential for control was not apparent, and arose only later under circumstances fairly describable as fortuitous, then there was no overreaching, breach of fiduciary duty or other wrongdoing on the part of the decedent's executors at the time of the 1973

decree that would justify reopening it two decades later. As the Surrogate concluded, the repeated failure of those affected to cure the disparity although given several opportunities was at least as responsible for the outcome as any oversight by the executors. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ. *[See,* 161 Misc 2d 203.]