■ In the Matter of ANNETTE F. MARGOLIS, Deceased. JAMES M. MARGOLIS, Appellant; ELEANOR M. HOLMAN, Respondent. [630 NYS2d 574] —In a contested probate proceeding, the appeal is from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated January 31, 1994, which after a nonjury trial, admitted the decedent's will to probate.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The determination of the Surrogate, who presided at the trial and heard all of the testimony, is entitled to great weight in this case, which hinged on the credibility of the witnesses (see, Matter of Morris, 208 AD2d 733; Matter of Feinberg, 150 AD2d 376; Matter of Thorne, 108 AD2d 865). Upon our review of the record, we find no basis to set aside that determination.

With respect to the issue of the decedent's testamentary capacity, evidence was presented at trial that, upon her hospitalization, the decedent suffered periods of disorientation and confusion. However, the uncontroverted evidence establishes that, when the will was executed, the decedent was alert and understood what was taking place (see, Matter of Buckten, 178 AD2d 981). The evidence also establishes that the decedent was aware of the natural objects of her bounty and the nature and extent of her property, and therefore she possessed testamentary capacity (see, Matter of Kumstar, 66 NY2d 691).

The Surrogate's determination that the will was duly executed is supported by a preponderance of the evidence. While there is conflicting testimony with regard to whether the decedent actually could read her will because she was allegedly legally blind, the proponent summarized the contents of the will for her, and the decedent indicated that the will expressed her wishes. Finally, the decedent understood the nature of the act she was performing, the nature and extent of her property, and who her heirs were.

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.