■ In the Matter of the Estate of STANLEY BERNATOWICZ, Deceased. SHERRY CALLARA, Appellant; NATALIE MACK et al., Respondents. [649 NYS2d 625] —Order reversed on the law without costs, petition reinstated and matter remitted to Orleans County Surrogate's Court for further proceedings on petition. Memorandum: We conclude that Surrogate's Court erred in refusing to admit the will of decedent on the ground that proponent failed to demonstrate due execution of the will. The record shows that decedent, who was very ill, attempted to sign his name to his will, but had difficulty doing so. When, after several attempts, decedent continued to experience difficulty, decedent's counsel advised proponent that she could aid decedent by steadying his hand. Counsel further advised proponent that she could not sign the document for decedent or move his hand. The Surrogate concluded that proponent controlled rather than assisted decedent in signing the document and that its execution was therefore invalid. We disagree.

The question whether a signature is assisted or controlled does not turn on the extent of the aid, but rather whether the act of "signing was in any degree an act of the testator, acquiesced in and adopted by him" (*Matter of Kearney*, 69 App Div 481, 483). Here, the record establishes that the act of signing was the act of decedent, acquiesced in and adopted by him and, therefore, the signature was assisted rather than controlled. We conclude that the fact that decedent did not request assistance but, rather, that his counsel suggested that he be assisted does not render the signature invalid. We further conclude that the testimony of the witnesses regarding the circumstances surrounding the witnessing of the will demonstrates compliance with the other requirements of EPTL 3-2.1. That testimony sufficiently establishes that decedent signed the document purported to be his will and requested the witnesses to sign the document (*see generally, Matter of Dujenski*, 147 AD2d 958). We reject the contention of respondents that the execution of the will was invalid because decedent declared the document to be his will before, rather than after, he signed it (*see, Matter of Haber*, 118 Misc 179, 182; EPTL 3-2.1 [a] [1] [B]). Consequently, we reverse the order, reinstate the petition and remit the matter to Orleans County Surrogate's Court for further proceedings on the petition.

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum.

Balio, J. (dissenting). I respectfully dissent. The Surrogate found that the testator did not ask for assistance in signing his

purported last will and testament and that, based upon the substantial difference in the manner and quality of the testator's handwriting after Sherry Callara physically assisted in the signing, she did more than steady his hand, and that she controlled the movement of his hand. Thus, the court concluded that the proposed last will and testament had not been duly executed.

EPTL 3-2.1 (a) (1) requires that the testator execute a will by signing it or by having another person sign it in his name "and by his direction". Where, as here, the testator is physically infirm, a third person may assist the testator by holding and guiding his hand or arm (*see, Matter of Morris*, 208 AD2d 733, 734; *Matter of Kearney*, 69 App Div 481, 483). Although the testator must request the assistance (*see, Matter of Morris, supra; Matter of Kearney, supra*), the fact that the testator desired such assistance may be inferred from the circumstances (*see, Matter of Lewis*, 193 Misc 183; *Matter of Knight*, 87 Misc 577). The hearing testimony establishes that the testator was on his deathbed. In fact, he died a few hours after attempting to sign the will. Two persons had to prop the testator up to a sitting position so that he could attempt to sign the will. One of those persons is a legatee under the proposed will and the other, Sherry Callara, is the mother of the other legatee and is named the executrix under the will. When the testator appeared to be having difficulty signing his name, his attorney suggested that Callara assist by holding his hand steady. The Surrogate determined, based upon the testimony and the appearance of the signature, that the testator did not request Callara's assistance and that Callara actually controlled the testator's conduct in signing the will. That determination, made by the Judge who presided at the hearing and heard the testimony, "is entitled to great weight in this case, which hinged on the credibility of the witnesses" (*Matter of Margolis*, 218 AD2d 738, 739, *lv denied* 88 NY2d 802; *see also, Matter of Morris, supra; Hanley v Williamson*, 186 AD2d 1010). I perceive no basis in this record to disturb the Surrogate's findings. (Appeal from Order of Orleans County Surrogate's Court, Punch, S.—EPTL.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.