■ In the Matter of the Estate of IRENE B. MARSH, Also Known as IRENE MARSH, Deceased. BANK OF NEW YORK, Respondent; CLAUDIA M. APPELBAUM et al., Respondents; ADRIENNE M. LEFKOWITZ, Appellant. [653 NYS2d 624] —In a contested probate proceeding, the objectant appeals from (1) an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated May 3, 1995, which framed the issues for trial, (2) an order of the same court dated December 22, 1995, which denied her application for a stay of enforcement of the decree admitting the will to probate, (3) a decree of the same court dated December 22, 1995, admitting to probate the instruments offered for probate, and, *inter alia,* granting the respondent Bank of New York letters testamentary as executor, and (4) an order of the same court, dated June 24, 1996, which denied the

objectant's motion pursuant to CPLR 4404, *inter alia*, to set aside the verdict.

Ordered that the appeals from the orders dated May 3, 1995, and December 22, 1995, are dismissed; and it is further,

Ordered that the decree dated December 22, 1995, and the order dated June 24, 1996, are affirmed; and it is further,

Ordered that the petitioner-respondent is awarded one bill of costs payable by the appellant personally.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the decree (*see,* CPLR 5501 [a] [1]).

With respect to the issue of the decedent's testamentary capacity, evidence was presented at trial that upon her hospitalization just prior to the execution of the contested codicil, she suffered periods of minimal depression and confusion. After treatment primarily for congestive heart failure and a significant loss of vision, and upon her discharge and return home, the decedent was composed and lucid. "When there is conflicting evidence or the possibility of drawing conflicting inferences from undisputed evidence, the issue of capacity is one for the jury" (*Matter of Kumstar*, 66 NY2d 691, 692). The determination of the jury, which saw and heard all of the testimony, is entitled to great weight in this case, which hinged on the credibility of the witnesses (*see, Matter of Margolis*, 218 AD2d 738; *Matter of Morris*, 208 AD2d 733). Additionally, uncontroverted evidence established that when the codicil was executed the decedent was alert and understood what was taking place (*see, Matter of Buckten*, 178 AD2d 981). The evidence also establishes that the decedent was aware of the natural objects of her bounty and the nature and extent of her property. Therefore, she possessed testamentary capacity (*see, Matter of Kumstar*, 66 NY2d 691, *supra*). We find no basis to set aside the determination of the jury.

The appellant's remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.