■ In the Matter of WAYNE HARGROVE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [657 NYS2d 115] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Lewis, J.), entered July 3, 1996 in Clinton County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion to vacate a judgment entered against him.

Petitioner was convicted of manslaughter in the first degree and sentenced to 15 years' imprisonment in 1972. Five years later he was released on parole. Thereafter he was arrested and charged with criminal possession of a weapon and manslaughter in the first degree. He was convicted of both crimes and sentenced to concurrent prison terms of $12^1/_2$ to 25 years on the manslaughter charge and $3^1/_2$ to 7 years on the weapons possession charge, to run consecutive to the time remaining on his prior sentence.

In 1979 petitioner's parole was revoked after a revocation hearing conducted in absentia. In February 1981 petitioner commenced this CPLR article 78 proceeding, seeking dismissal of the declaration of delinquency because he had not been afforded a timely hearing pursuant to the then-current law governing parole revocations. Supreme Court made an inquiry to determine whether petitioner waived his right to appear, ruled that he did not and ordered respondent to provide petitioner with another revocation hearing. Petitioner did not appeal from this order. Petitioner now claims that the order was improper because remittal for a new hearing was not a legal remedy at the time the order was entered.

Petitioner thereafter made numerous requests for a hearing but none was provided until December 1984, which resulted in the revocation of his parole despite his objections to its timeliness and constitutionality. This revocation was later upheld by respondent in April 1986. Petitioner began other proceedings *pro se* and, in 1990, petitioner sought the aid of Prisoners' Legal Services (hereinafter PLS). In 1994, acting on advice of PLS, petitioner filed a *pro se* habeas corpus petition in Supreme

Court contesting respondent's refusal to release him as of the conditional release date which would have been effective had his original parole not been revoked. Supreme Court denied this petition in March 1995. His appeal from this denial was affirmed by the Second Department (*People ex rel. Hargrove v Strack*, 228 AD2d 625) and leave to appeal to the Court of Appeals was denied (88 NY2d 812).

Petitioner then made the instant motion seeking to vacate Supreme Court's 1981 judgment. Following respondent's answer and oral argument, Supreme Court denied the motion in an order without opinion on July 2, 1996. Petitioner appeals from the judgment entered July 3, 1996.

Despite the fact that Supreme Court's initial grant of a remittal for a new hearing was inappropriate and contrary to the then-current law, Supreme Court did not err in refusing to set aside Supreme Court's initial 1981 judgment in the exercise of its discretion, given the 15-year delay by petitioner in bringing this motion to vacate the initial judgment (*see, Matter of Huie [Furman]*, 20 NY2d 568). The judgment of Supreme Court should be affirmed.

Petitioner's claim that he was denied effective assistance of counsel by virtue of his counsel's failure to timely appeal from Supreme Court's initial judgment and his counsel's later refusal to represent him in his efforts to raise this issue is without merit. As respondent correctly argues, petitioner's current appeal is from Supreme Court's judgment in this CPLR article 78 proceeding and not an appeal of the parole violation proceeding. Petitioner has no right to competent counsel in a CPLR article 78 proceeding and, thus, cannot raise this argument on the present appeal.

Petitioner urges that in spite of his long delay in moving to vacate the initial judgment, Supreme Court should have exercised its power to set it aside in the interest of justice. Such power lies in the discretion of the court and "the time to take an appeal cannot forever be extended" (*Matter of Huie [Furman]*, 20 NY2d 568, 572, *supra; see, Matter of Ziegler*, 161 Misc 2d 203, *affd* 213 AD2d 280, *lv denied* 86 NY2d 712). We find no abuse of discretion here. Further, absent extraordinary circumstances, a judgment from which no appeal was taken should stand (*see, Matter of Huie [Furman], supra*).

We have considered petitioner's other arguments for setting aside the initial judgment and find them unpersuasive. As respondent urges, this case does not present compelling circumstances that merit the court's exercise of its inherent power to set aside prior determinations.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.