■ In the Matter of the Estate of ANNA SPINELLO, Deceased. BARRY J. SPINELLO, Respondent; AMY KENTON et al., Appellants. [736 NYS2d 894] —In a proceeding to probate the last

will and testament of Anna Spinello, the objectants appeal from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated September 18, 2000, which, upon the granting of the proponent's motion for summary judgment, dismissed their objections and admitted the propounded will to probate.

Ordered that the decree is affirmed, with costs payable by the appellants personally.

The will was duly executed pursuant to EPTL 3-2.1. Moreover, where, as here, the attorney draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see, Matter of Kindberg,* 207 NY 220, 228; *Matter of Finocchio,* 270 AD2d 418). The proponent set forth prima facie evidence that the decedent was alert and of sound mind at the time of execution and that she knew the nature of the act she was performing, the extent of her property, and the natural objects of her bounty (*see, Matter of Kumstar,* 66 NY2d 691, 692; *Matter of Marsh,* 236 AD2d 404, 405; *Matter of Margolis,* 218 AD2d 738, 739; *Matter of Morris,* 208 AD2d 733). The objectants failed to rebut this showing that the decedent possessed the requisite testamentary capacity set forth under EPTL 3-1.1. Additionally, the objectants failed to demonstrate that the decedent was subjected to undue influence (*see, Matter of Bustanoby,* 262 AD2d 407, 408; *Matter of Spangenberg,* 248 AD2d 543). Altman, J.P., S. Miller, Cozier and Prudenti, JJ., concur.