■ In the Matter of JACK RUDIN et al., as Successor Trustees under the Last Will and Testament of NATHAN RUDIN, Deceased,

Respondents. DONALD HEIMLICH, M.D., Appellant. [824 NYS2d 637]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about October 21, 2005, which approved the trustees' final account and imposed sanctions on objectant, unanimously affirmed, with costs.

The trustees made out a prima facie case that their account was accurate and complete by submitting the account as amended and a supporting affidavit, and objectant failed to carry his burden of coming forward with any evidence showing the inaccuracy of the account (*see Matter of Curtis*, 16 AD3d 725, 726-727 [2005]). The objection that missing estate assets should have funded the subject trust was barred by res judicata as a result of the 1964 decree settling the account of the executors and identifying those assets (*see Matter of Hunter*, 4 NY3d 260 [2005]; *Matter of Ziegler*, 213 AD2d 280 [1995], *lv denied* 86 NY2d 712 [1995]). Objections regarding other missing assets and trustee misconduct were barred by collateral estoppel, since the issues here are identical to those necessarily decided in a related proceeding involving a different trust funded by the same Rudin family assets (292 AD2d 283 [2002]), in which objectant had a full and fair opportunity to litigate his claims (*see Buechel v Bain*, 97 NY2d 295, 303-305 [2001], *cert denied* 535 US 1096 [2002]), and moreover were completely unsupported. The imposition of sanctions was warranted in light of objectant's failure to support any of his objections with evidence, and his continued pursuit, despite warnings by the court, of claims lacking in merit and previously dismissed on appeal, as part of a relentless campaign to prolong this litigation (*see Heilbut v Heilbut*, 18 AD3d 1, 8-9 [2005]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.