■ In the Matter of the Estate of HARRY WINSTON, Deceased. DEUTSCHE BANK TRUST COMPANY NEW YORK et al., Respondents; BRUCE WINSTON et al., Appellants. [833 NYS2d 657]—

In a probate proceeding in which the petitioners were appointed to act as cotrustees of a testamentary trust under the last will and testament of Harry Winston, deceased, the objectants Bruce Winston, Gordon Winston, and Stephanie Winston Wolkoff appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated December 29, 2005, as, after a nonjury trial, denied their objections to the final trust account filed by the petitioner Deutsche Bank Trust Company New York and judicially settled the final trust account.

Ordered that the decree is affirmed insofar as appealed from, with costs payable to the petitioner Deutsche Bank Trust Company New York.

The petitioner Deutsche Bank Trust Company New York (hereinafter the Bank) is cotrustee of a testamentary trust created under the last will and testament of the deceased Harry Winston (hereinafter Winston) who died on December 8, 1978. The trust's principal asset is the common stock of Winston's closely-held corporation, Harry Winston, Inc. (hereinafter HWI), a diamond and jewelry business founded in the 1930's. By decree entered July 15, 1982, the co-executors' account of Winston's estate was judicially settled. Winston's son, the appellant Bruce Winston (hereinafter Bruce), appeared in that proceeding by waiver of citation, and thereby consented to the petition and account. Winston's other son, the petitioner Ronald Winston (hereinafter Ronald), was a co-executor of the estate, along with the Bank and Gerald J. Schultz, and all three remain cotrustees of the subject trust. Ronald and Bruce are both trust beneficiaries.

On this appeal, Bruce claims, inter alia, that the Bank breached its fiduciary duties in the course of its administration of the trust, and that it failed to properly determine the trust's inception value. Upon review of the findings of fact rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court" and it may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bed-*

*ford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). Where, as here, the Surrogate's Court was called upon, inter alia, to assess the credibility and weight to be accorded to conflicting opinions offered by several expert witnesses who appeared at trial, its factual determinations should not lightly be cast aside (*see Matter of Saxton*, 274 AD2d 110, 118-119 [2000]; *Matter of Rowe*, 274 AD2d 87, 92 [2000]; *Matter of Margolis*, 218 AD2d 738 [1995]).

"[T]he determination of whether the conduct of a trustee measures up to the appropriate standards of prudence, vigilance and care, is a fact to be found by the trial court" (*Matter of Hubbell*, 302 NY 246, 258 [1951]; *accord Matter of Donner*, 82 NY2d 574, 585 [1993]). Here, contrary to Bruce's contention, the Surrogate's Court's determination that the Bank satisfied its fiduciary duties as cotrustee of the subject trust finds ample support in the record, and we discern no basis to disturb it (*see Matter of Saxton, supra; Matter of Margolis, supra; Zaremba v Albano*, 212 AD2d 692, 693 [1995]).

Moreover, the Bank established, prima facie, that its account, as amended and supplemented, was accurate and complete, and Bruce thereafter failed to carry his burden of coming forward with any evidence demonstrating that the account was inaccurate (*see Matter of Rudin*, 34 AD3d 371, 372 [2006]; *Matter of Curtis*, 16 AD3d 725, 726-727 [2005]).

Central to Bruce's challenge to the Bank's account was the contention that the Bank had failed to determine the inception value of HWI as a going concern. Specifically, Bruce sought, inter alia, to impugn the accuracy of certain valuations of HWI that were prepared by third-party investment banks, with the help of HWI's auditors, shortly after the decedent's death. Those valuation reports were made at the direction of the Bank, in its capacity as a co-executor, and the information contained therein was later reflected in the Surrogate's decree, dated July 15, 1982, settling the co-executors' final account. The Surrogate's Court properly determined that Bruce's consent to the entry of the 1982 decree bars his current objections, to the extent those objections are predicated on alleged errors contained in the valuation reports undergirding the co-executors' final account (*see Matter of Hunter*, 4 NY3d 260 [2005]; *Matter of Rudin, supra*). Bruce was a party to the prior proceeding and had a full and fair opportunity to contest the appraised values set forth in the co-executors' account with respect to the common and preferred stock of HWI and, by extension, to the underlying corporate assets listed in those valuation reports, including, specifically, HWI's inventory (*see Matter of Hunter, supra*).

Bruce's remaining contentions are without merit, as are the claims of the other appellants. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.