| Matter of Weinstein |
|:---:|
| 2024 NY Slip Op 31111(U) |
| March 29, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. P1963-2259/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

MAR 2 9 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------X
In the Matter of the First
Intermediate Account of Proceedings
of Lloyd J. Shulman, as Trustee of
the Trust Created for the Benefit
of Gail Shulman Koster under Article          File No. P1963-2259/C
Sixth of the Will of


        JOE WEINSTEIN,

              Deceased.
----------------------------------------------X
G I N G O L D , S .

Before the court are two motions in connection with the settlement of the intermediate account of Lloyd J. Shulman (Trustee or Petitioner), as trustee of the trust under article sixth of the will of Joe Weinstein for the benefit of Gail Shulman Koster (Trust). The Trustee moves for partial summary judgment (CPLR 3212)[1] dismissing certain objections of Jonathan Koster (Objectant or Jonathan), a presumptive remainder beneficiary. Shortly after the Trustee's motion was *sub judice*, Jonathan submitted a motion to compel discovery. For the reasons stated herein the court denies both motions.

Decedent died testate in 1953. His will, admitted to probate on August 5, 1965, created a trust for the life benefit of his granddaughter, Gail Shulman Koster. Upon Gail's death, the trust

---

[1] The Trustee seeks to dismiss certain objections without citing any provision of the CPLR. However, since objections were filed here, i.e., issue has been joined, the court will treat the Trustee's motion as one for summary judgment pursuant to CPLR 3212 (*see Tufail v Hionas*, 156 AD2d 670 [2d Dept 1989][where issue had been joined, court should not have deemed unlabeled motion as motion to dismiss, but rather as one for summary judgment], citing Rich v. Lefkovits, 56 NY2d 276[1982]).

remainder is distributable to Gail's issue, Melinda Koster and Jonathan Koster. Letters of Trusteeship issued to Max Shulman, Sylvia Shulman, and Lloyd J. Shulman on August 8, 1965. Max died in 2001 and Sylvia died in 2012[2]. Lloyd, as surviving Trustee, filed an intermediate account for the period covering December 19, 1973, to June 30, 2016. Objections to the account were filed by Jonathan. Melinda and Gail executed releases, wherein, *inter alia*, they consent to the account as filed.

Summary judgment is granted when the movant's case has been "established sufficiently to warrant the court as a matter of law" to direct judgment, but will be denied if the opposing party shows "facts sufficient to require a trial of any issue of fact" (CPLR 3212[b]). In the context of an accounting proceeding such as this, the fiduciary's sworn account, completed and filed in accordance with the Surrogate's Court Official Forms for judicial accountings, satisfies the fiduciary's initial burden of establishing entitlement to judgment that the account is complete and accurate (*Matter of Rudin*, 34 AD3d 371[1[st] Dept 2006]["The fiduciary's burden is usually met by simply placing the account into the record"]; *see also* SCPA 106 [providing that the Official Forms "shall be sufficient under the surrogate's court procedure act"]). To defeat the motion, the burden shifts to the opposing party to offer proof

_____

[2] Lloyd Shulman has appeared in this proceeding as the fiduciary of Max's and Sylvia's estates.

2

that demonstrates the existence of a material issue of fact, requiring a trial (*Zuckerman v City of New York*, 49 NY2d 557[1980]). However, summary judgment may be denied where facts essential to the opposition of the motion are exclusively within the knowledge or control of the movant (CPLR 3212 [f]) and the opposing party has not had a reasonable opportunity for disclosure (*see Baron v Freeport*, 143 AD2d 792[2d Dept 1988]).

Here, the court record reflects that discovery was in the very early stages when the Trustee brought his motion seeking to dismiss six of Jonathan's 27 objections to the account. Indeed, the Trustee made his motion for summary judgment only twelve days after Jonathan filed his pleading. Shortly after the submission of the Trustee's motion, which Jonathan opposed, the parties conferenced the case with a court-attorney referee several times and were engaging in informal discovery when Jonathan filed the instant motion seeking to compel discovery. Where as here, the Trustee is in sole possession of the information necessary to explain what transpired during the accounting period, Objectant should be given the opportunity to obtain discovery prior to the granting of summary judgment (*see Vukel v Joan DiGirolomo Irrevocable Trust*, 172 AD3d 951 [2d Dept 2019]).

In opposing Jonathan's motion to compel discovery, the Trustee argues that a stay was in effect upon the filing of his partial summary judgment motion, or alternatively, that he has

3

responded to Jonathan's discovery demands, either by producing the requested documents or by explaining his reasons why such discovery is beyond the scope of the account. Lastly, he notes, and court records confirm, there was no court order directing discovery that he would otherwise be in violation of.

Finally, Jonathan's request for the Trustee to pay his legal fees, costs and disbursements in connection with his motion is denied as there is no evidence that the alleged conduct of the Trustee was either wilful or contumacious.

Accordingly, based on the foregoing, it is

ORDERED that Petitioner's motion for partial summary judgment is denied as premature; and it is further

ORDERED that Objectant's motion to compel discovery is denied in its entirety; and it is further

ORDERED that the parties shall appear for a status conference in Courtroom 509 on May 9, 2024 at 10:00 a.m.

The clerk shall serve a copy of this decision by regular mail and email and order upon the parties whose addresses are listed below.

Dated: March 29, 2024

_____
S U R R O G A T E

4

TO:

Robert L. Ecker, Esq.
Ecker, Ecker & Associates, LLP
80 Business Park Drive, Suite 204
Armonk, New York 10504
Attorneys for Petitioner, Lloyd Shulman

Donald Novick, Esq.
Novick & Associates, P.C.
202 East Main Street, Suite 208
Huntington, New York 11743
Co-Counsel for Petitioner, Lloyd Shulman

Ira Kleiman, Esq.
Brief Carmen & Kleinman, LLP
488 Madison Avenue, Suite 1120
New York, NY 10022
ik@briefjustice.com
Attorneys for Objectant, Jonathan Koster

5