**Matter of Alan H. Goodman 2011 Revocable Trust**

2024 NY Slip Op 31342(U)

April 12, 2024

Surrogate's Court, New York County

Docket Number: File No. 2016-1799/B

Judge: Rita Mella

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
Intermediate Accounting Proceeding,

    ALAN H. GOODMAN 2011 Revocable Trust,

 

-----------------------------------------------------------------------x

M E L L A, S. :

New York County Surrogate's Court
DATA ENTRY DEPT.
APR 1 2 2024

DECISION and ORDER

File No. : 2016-1799/B

Papers Considered in Determining these cross-motions for summary judgment:

Notice of Motion for Summary Judgment Dismissing
Objections, and Affirmation of Jeffrey A. Asher, Esq.,
in Support of Motion, dated December 14, 2022,
with Exhibits ……….....…………………………………………..1, 2

Notice of Cross-Motion for Summary Judgment
Granting Objection for Failure to Invest, and Affirmation
of Alice K. Jump, Esq., in Support of Cross-Motion and
in Opposition to Motion, dated February 3, 2023, with
Exhibits ……………………………………………………….3, 4

Memorandum of Law in Opposition to Motion and in
Support of Cross-Motion, dated February 3, 2023…………………………….5

Affidavit of Ellen Goodman in Opposition to Motion
and in Support of Cross-Motion, sworn to February 3, 2023,
with Exhibits ……….....…………………………………………..6

Affirmation of Jeffrey A. Asher, Esq., in Opposition to
Cross-Motion and in Reply to Opposition to Motion,
dated March 6, 2023…………………………………………….....7

Affidavit of Tamara Stack in Opposition to Cross-Motion,
sworn to March 7, 2023, with Exhibits …………………………………..8

Affidavit of Ellen Goodman in Further Support of
Cross-Motion, sworn to March 22, 2023, with Exhibits ………....…………….....9

Memorandum of Law in Further Support of Cross-Motion,
dated March 29, 2023……………………………………………...10

Affirmation of Alice K. Jump, Esq., in Further Support of
Cross-Motion, dated March 29, 2023, with Exhibit …………………………..11

[* 1]

In this proceeding for the settlement of her intermediate account (Account) as Trustee of the Alan H. Goodman 2011 Revocable Trust, as amended (Trust), Tamara Stack (Trustee) has moved for summary judgment dismissing all the objections of beneficiary Ellen Goodman. Ms. Goodman (Objectant), a daughter of the grantor, has cross-moved for partial summary judgment sustaining her objection to the Trustee's alleged failure to properly invest the Trust's assets. The Account, which was originally filed in September 2018 and amended a year later, covers the period of March 22, 2016 to May 4, 2017. Ms. Goodman, the sole objectant, filed objections in June 2021. The parties have engaged in pre- and post-objection discovery, including motion practice, and discovery is now complete.

Discussion

Summary judgment is granted when the movant's case has been "established sufficiently to warrant the court as a matter of law" to direct judgment but will be denied if the opposing party shows "facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). In the context of an accounting proceeding such as this, the fiduciary's sworn account, completed and filed in accordance with the Surrogate's Court Official Forms for judicial accountings, satisfies the fiduciary's initial burden of establishing entitlement to judgment that the account is complete and accurate (*see Rudin v Heimlich*, 34 AD3d 371 [1st Dept 2006] ["The trustees made out a prima facie case that their account was accurate and complete by submitting the account as amended and a supporting affidavit, and objectant failed to carry his burden of coming forward with any evidence showing the inaccuracy of the account"]; *See also Matter of Pollock*, NYLJ, Sept. 17, 1998 at 30, col 3 [Sur Ct, Nassau County] ["The fiduciary's burden is usually met by simply placing the account into the record"]). To defeat the motion, the burden shifts to the

2

[* 2]

opposing party to offer proof that demonstrates the existence of a material issue of fact, requiring a trial (*Zuckerman v City of New York*, 49 NY2d 557 [1980]). Applying these fundamental rules, the court resolves the Trustee's motion for summary determination of the beneficiary's objections, which are set forth in paragraphs 1 to 25 of her pleading, as follows:

Objectant alleges in paragraph 1 that the Trustee, who is an attorney, "engaged in a conflict of interest" by representing the grantor's surviving spouse, who is a beneficiary of the Trust, in the Trustee's individual capacity as a lawyer. The Trustee strongly denies that the grantor's spouse was or is her client, but even if it were true, the objection must be dismissed because the issue is not material to this proceeding. Objectant does not allege how or even whether any such legal representation damaged her own interest in the Trust. As stated in a leading treatise:

> "Objections may also be dismissed where, although the fiduciary committed a breach of fiduciary duty as a matter of law, the objections do not allege any specific damages incurred as a result of the breach."

(7 Warren's Heaton on Surrogate's Court Practice § 101.04 [1] 7th ed, 2024; *see also Matter of Kalik*, 117 AD3d 590 [1st Dept 2014] [finding no surcharge warranted for violation of Prudent Investor Rule where plaintiff failed to prove damages]). The Trustee has established her prima facie case that the Account is complete and accurate by submitting her sworn account (*Rudin*, 34 AD3d 371). Failing to offer proof or even to identify specific damages, and referring to no particular schedule, Objectant has not met her burden to come forward with evidence sufficient to establish the existence of material issues of fact which require a trial (*Zuckerman*, 49 NY2d at 562). Because Objectant has presented no relevant factual issue warranting a trial, summary judgment is granted and the objection in paragraph 1 is dismissed.

3

[* 3]

With respect to paragraphs 2, 4, 5, 7, 9, 11, and 20 (d), Objectant claims that the Account does not conform to the Official Forms prescribed by the Surrogate's Court Procedure Act and also does not provide sufficient information. Movant made her prima facie case for summary judgment by submitting the Account (*Rudin*, 34 AD3d 371), which does, in fact, conform to the Official Forms and their instructions, and includes all required information. In response, Objectant fails to create a fact issue as to the accuracy of any of these Account schedules. To the extent Objectant is claiming she needs more information to verify the accuracy of the Account, she has provided no reasonable excuse for failing to obtain it during discovery, at which time she could have litigated any dispute over the sufficiency of the response. Accordingly, summary judgment is granted and the objections set forth in paragraphs 2, 4, 5, 7, 9, 11, and 20 (d) are dismissed.

In paragraphs 3 and 18, Objectant claims the Account fails to include transactions occurring after May 4, 2017. The Account is an intermediate account, however, which ends on May 4, 2017. In this particular proceeding, the Trustee is not now obligated to account for transactions that post-date May 4, 2017. The Trustee having made her prima facie case through the submission of the Account (*Rudin*, 34 AD3d 371) and Objectant having failed to demonstrate that the filing is anything but an intermediate account, summary judgment is granted as to the objections set forth in paragraphs 3 and 18 and they are dismissed.

Paragraphs 5, 6, 9, and 20 (a) and (e) allege that various schedules are incomplete or inaccurate, or that the Trustee failed to collect income or principal belonging to the Trust. The Trustee initially satisfied her burden on summary judgment of providing accurate schedules by submitting her sworn account (*Rudin*, 34 AD3d 371). It then became Objectant's burden to come forward with evidence to raise an issue of fact as to the adequacy of these schedules (*see*

4

*e.g. Zuckerman*, 49 NY2d 557). This she has not done, despite ample opportunity for discovery. Further, many of the allegations in these paragraphs are conclusory and give insufficient notice of the objection, in violation of the basic pleading requirements of SCPA 302 (2) (*see Matter of Caridi*, NYLJ, July 16, 2019 at 22, col 2 [Sur Ct, NY County 2019] [granting trustee's motion to dismiss objection that baldly claimed account schedule is "inaccurate" or "without sufficient documentary support," as "violat[ing] the trustee's right to fair notice"]; *see also Matter of O'Hara*, 85 AD2d 669, 671 (2d Dept 1981)] [ruling that to defeat a motion for summary judgment, "[a]llegations must be specific and detailed, substantiated by evidence in the record; mere conclusory assertions will not suffice"]). Accordingly, summary judgment is granted as to the objections set forth in paragraphs 5, 6, 9, 20 (a) and 20 (e), and they are dismissed.

The objections in paragraphs 8, 10, 12, 19, and 21 allege that the Trustee failed to invest the Trust assets or failed to invest them properly. To the extent the Trustee made a prima facie case that the Trust assets were properly invested, Objectant has raised an issue of fact that requires denial of the motion for summary judgment (*see Matter of Blumenkrantz*, NYLJ, Feb. 13, 2014 at 32 [Sur Ct, Bronx County 2014] ["Generally, the determination of whether a fiduciary's conduct measures up to the appropriate standards of prudence, vigilance, and care is an issue of fact for the trial court"]). Accordingly, the motion is denied as to the objections set forth in paragraphs 8, 10, 12, 19, and 21.

The objections in paragraphs 13 (a, b, d) and 14 allege that certain expenses on Schedules C and C-1 are not properly chargeable to the Trust. Again, the Trustee has made her prima facie case by submitting her sworn account (*Rudin*, 34 AD3d 371). In response, however, Objectant has raised fact issues by offering, for example, billing records that show that attorneys performed

5

work on issues relating to the estate and other trusts. Accordingly, the motion for summary judgment as to the objections set forth in these paragraphs is denied.

The objections in paragraphs 13 (c), 15, 16, and 17 relate to Schedules C, C-1, and E and the computation of Trust assets and a reference to payments made outside of the Trust. Movant made a prima facie case by demonstrating that the Trust agreement authorizes the Trustee to pay the grantor's debts, which included his obligations under a prenuptial agreement. The information on Schedule E shows how the grantor's debt related to the prenuptial agreement had been satisfied, and is appropriately included there. In response, Objectant has failed to raise an issue of fact. Accordingly, summary judgment is granted and the objections set forth in paragraphs 13 (c), 15, 16, and 17 are dismissed.

The objections in paragraphs 20 (b) and 20 (c) allege that Schedule G does not include all the detail required for the assets remaining on hand. In fact, for each item listed, Schedule G refers to the correlating schedule where all the required detail is supplied. By submitting this schedule, the Trustee has met her burden of establishing a prima facie case that the Account is correct (*Rudin,* 34 AD3d 371). Objectant has failed to respond with any evidence to show that trial of a material factual issue relating to this aspect of schedule G is required. Accordingly, the objections in paragraphs 20 (b) and 20 (c) are dismissed.

The objection in paragraph 22 alleges that Schedule H is inaccurate insofar as it designates testamentary beneficiaries as interested parties. Objectant is apparently referring to the grantor's step-son, who receives a bequest under the grantor's will. Because the Trust allows for payment of the bequest upon certification by the executors that the probate estate is insufficient, inclusion of the step-son as an interested party is appropriate. Movant has established a prima facie case by submitting this schedule as part of her Account. Objectant has

6

[* 6]

failed to show or even allege how inclusion of the step-son's name as an interested party has caused her damages, as she must do to raise a material issue of fact requiting a trial (*see Matter of Kalik*, 117 AD3d 590). Accordingly, the motion to dismiss the objection in paragraph 22 is granted.

The objection in paragraph 23 concerns payments to the Trustee in lieu of commissions as shown on Schedule I. The Trust provides that in lieu of statutory commissions, the Trustee is to receive compensation "based on [her] standard charges for professional services." The Trustee has established a prima facie case by submitting an affidavit of services and time records of the work she performed in that capacity. Objectant, however, has raised issues of fact as to the reasonableness of the fees which cannot be dismissed on summary judgment. The motion to dismiss the objection in paragraph 23 is therefore denied.

The objection in paragraph 24 alleges that Schedule J improperly includes information about a probate asset that will pour over into the Trust. The information, however, is properly included as an "Other Pertinent Fact" on Schedule J. The Trustee's submission of the schedule as part of her sworn account satisfies the Trustee's burden of establishing a prima facie case regarding this schedule. In response, Objectant has failed to show how inclusion of this information either was incorrect, or has resulted in damages to her, or raises a material issue of fact requiring a trial. The motion to dismiss the objection in paragraph 24 is therefore granted.

Paragraph 25 includes an objection to the calculation of the reserve amount reflected on Schedule J. To the extent that the Trustee has made a prima facie case that the amount she held in reserve was proper, Objectant has raised an issue of fact that requires a trial (*see Matter of Blumenkrantz*, NYLJ, Feb. 13, 2014 at 32 [Sur Ct, Bronx County] [Calculation of the reserve involves a question of the fiduciary's meeting the appropriate standard of prudence, which is

7

normally a question of fact].  The motion to dismiss summarily the objection in paragraph 25 is therefore denied.

Objectant's cross-motion to sustain her objection to the Trustee's failure to invest the Trust assets as set forth in paragraphs 8, 10, 12, 19, and 21 raises a question of fact which cannot be determined on summary judgment, as discussed above, and is therefore denied.

Conclusion

The Trustee's motion for summary judgment is granted in part and denied in part.  It is granted to the extent that the objections set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 11, 13 (c), 15, 16, 17, 18, 20 (a through e), 22, and 24 are summarily dismissed.  It is denied insofar as it seeks dismissal of the objections set forth in paragraphs 8, 10, 12, 13 (a, b, d), 14, 19, 21, 23, and 25.  Objectant's cross-motion for summary judgment is denied.

This decision constitutes the order of the court.

Clerk to notify.


Dated: April 12, 2024

_____
S U R R O G A T E