Matter of Nires (2025 NY Slip Op 04572)

Matter of Nires

2025 NY Slip Op 04572

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05997

[*1]In the Matter of Edward Nires, also known as Edward Ira Nires, deceased. Lynda Peretz, petitioner-respondent; Michael Pratt, etc., objectant-appellant. (File No. 3211/08)

Alexander M. Dudelson, Brooklyn, NY, for objectant-appellant.
Law Offices of Peter G. Gray, P.C., Brooklyn, NY, for petitioner-respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order of the Surrogate's Court, Kings County (Carol Robinson-Edmead, A.S.), dated December 15, 2022. The order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution.
ORDERED the order is affirmed insofar as appealed from, with costs.
On May 18, 2007, Edward Nires, also known as Edward Ira Nires (hereinafter the decedent), executed his last will and testament under the supervision of the attorney who drafted the will (hereinafter the attorney-drafter). The attorney-drafter was one of two attesting witnesses. In addition to nominating the petitioner, Lynda Peretz, the decedent's sister, as the executor, the will bequeathed the residuary estate to Peretz. The decedent died on October 27, 2007, survived by, among others, his spouse, Susan Pratt Nires, and the petitioner. The petitioner commenced this proceeding to admit the will to probate, and the executor of Pratt Nires's estate filed objections to probate, including an objection based on lack of due execution.
Thereafter, the petitioner moved for summary judgment dismissing the objections to probate. In support of the motion for summary judgment, the petitioner submitted, inter alia, a portion of a transcript of the attorney-drafter's examination pursuant to SCPA 1404, in which he testified, among other things, that the decedent had multiple sclerosis and had trouble holding a pen and affixing his signature to a document. The attorney-drafter further testified that the decedent asked the attorney-drafter to help him sign the will and that the attorney-drafter assisted the decedent by guiding the decedent's hand. The objectant opposed the petitioner's motion, contending, among other things, that the attorney-drafter allegedly signed the will on the decedent's behalf, and therefore, the attorney-drafter was disqualified under EPTL 3-2.1 from serving as an attesting witness. The Surrogate's Court granted the petitioner's motion for summary judgment dismissing the objections to probate. The objectant appeals from so much of the order as granted that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution.
"In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the viability of the will" (Matter of Armato, 199 AD3d 999, 1000; see Matter of Schmidt, 194 AD3d 723, 724).
"'The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements'" (Matter of Biondo, 215 AD3d 675, 676, quoting Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]). "'Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects'" (Matter of Armato, 199 AD3d at 1000, quoting Matter of Sabatelli, 161 AD3d 872, 873-874). "'Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises'" (Matter of Biondo, 215 AD3d at 676-677, quoting Matter of Sabatelli, 161 AD3d at 874).
Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law dismissing the objection based on lack of due execution by submitting, inter alia, the will, which contained an executed attestation clause and was accompanied by a self-proving affidavit, and the affirmation and transcript of the SCPA 1404 testimony of the attorney-drafter.[FN1]
In opposition, the objectant failed to raise a triable issue of fact. EPTL 3-2.1(a) provides, as relevant, that "every will must be in writing, and executed and attested in the following manner: (1) It shall be signed at the end thereof by the testator or, in the name of the testator, by another person in his [or her] presence and by his [or her] direction, subject to the following: . . . (C) Any person who signs the testator's name to the will, as provided in subparagraph (1), shall sign his [or her] own name and affix his [or her] residence address to the will but shall not be counted as one of the necessary attesting witnesses to the will" (id. § 3-2.1[a][1][C] [emphasis added]). "The language of the statute is specific in mandating that one who signs a testator's name to a will cannot be a necessary attesting witness" (Matter of Helgesen, 80 Misc 2d 726, 727 [Sur Ct, Suffolk County]; see Matter of Merklinger, 154 Misc 2d 902, 903 [Sur Ct, Onondaga County]).
Nevertheless, "[i]f a testator who is physically unable to sign [his or] her name requires assistance, [he or] she may call another to [his or] her aid even to the extent of holding [his or] her hand and guiding it" (Matter of Morris, 208 AD2d 733, 734; see Matter of Bernatowicz, 233 AD2d 838; Matter of Kearney, 69 App Div 481, 483). "The extent of that aid, so long as it is assistance, does not make the signature invalid, if the signing was in any degree an act of the testator, acquiesced in and adopted by him [or her]" (Matter of Kearney, 69 App Div at 483). "The question whether the signature is the act of the testator does not turn upon the extent of the aid, but whether the aid was assistance or control" (id.).
Here, the attorney-drafter's uncontradicted testimony established that he merely guided the decedent's hand in signing the will and that he did not sign the will on behalf of the decedent (see Matter of Morris, 208 AD2d at 734; Matter of Kearney, 69 App Div 481). Thus, the attorney-drafter was not disqualified under EPTL 3-2.1(a)(1)(C) from serving as an attesting witness (see Matter of Corrato, 142 Misc 2d 187, 188 [Sur Ct, Bronx County]; see also Matter of Bernatowicz, 233 AD2d at 838; Matter of Knight, 87 Misc 577, 583 [Sur Ct, NY County]). Further, the objectant's contention that the attorney-drafter's testimony at his examination pursuant to SCPA 1404 contradicted the self-proving affidavit is without merit.
Accordingly, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:The parties executed a stipulation dispensing with the examination pursuant to SCPA 1404 of the second attesting witness and do not raise any contentions regarding this second witness on appeal.