Matter of Alan H. Goodman 2011 Revocable Trust. (2025 NY Slip Op 05149)

Matter of Alan H. Goodman 2011 Revocable Trust.

2025 NY Slip Op 05149

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

File No. 1799/B/16|Appeal No. 4756|Case No. 2024-03690|

[*1]Intermediate Accounting Proceeding, Alan H. Goodman 2011 Revocable Trust.
Ellen Goodman, Objectant-Appellant,
Tamara Stack, Respondent-Respondent.

Reavis Page Jump LLP, New York (Alice K. Jump of counsel), for appellant.
Law Offices of Jeffrey A. Asher, PC, Armonk (Jeffrey A. Asher of counsel), for respondent.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered April 12, 2024, which, to the extent appealed from, granted the motion of the Trustee, respondent Tamara Stack, for summary judgment on objectant Ellen Goodman's objections 1, 5, 6, 9, 13(c), 15, 16, 17, 20(a) and (e), 22, and 24 to respondent's Amended Intermediate Accounting for the period March 22, 2016 through May 4, 2017 (Accounting), unanimously affirmed, without costs.
In objection 1 objectant contends that the Trustee should be removed because of her attorney-client relationship with decedent's widow. Objectant argues that there is a question as to whether the Trustee gave the widow preferential treatment to the detriment of the Trust beneficiaries. The Trustee admits to having an attorney-client relationship with the widow and decedent prior to his death but not thereafter.
The court correctly granted the Trustee summary judgment on this objection as objectant failed to show how she was damaged by the alleged conflict of interest. Actual misconduct supports removal of a fiduciary, not merely a conflict of interest (see Matter of Marsh, 179 AD2d 578, 580 [1st Dept 1992]). Decedent was well aware of the potential conflict of interest when he selected the Trustee of the Trust. His choice should not lightly be set aside (see Matter of Foss, 282 App Div 509, 512-513 [1st Dept 1953]), as no evidence of actual misconduct was presented.
The court properly granted summary judgment to the Trustee on objections 5, 6, 9, and 20(a) and (e), which assert that the Accounting was inadequate or that improper payments were made from the Trust to third parties. The sworn Accounting provided by the Trustee, which noted cash on hand and the principal and income of the Trust, established prima facie the Trustee's entitlement to that relief(see Matter of Rudin, 34 AD3d 371 [1st Dept 2006]). Objectant failed to present evidence sufficient to raise a triable issue of fact as to improper payments or the omission of any Trust asset from the Accounting.
Objections 13 (c), 15, 16, and 17 were similarly unsupported by evidence(see Matter of Putter, 38 AD3d 1333 [4th Dept 2007]). The Trust agreement at Article IIA1 and 2 authorized the Trustee to pay decedent's debts, which included any obligation to the widow under the prenuptial agreement. Article IIA3 did not limit this authority but permitted the Trustee to make additional payments with the certification of the executors of decedent's will. Here, the payments which objectant alleged and the trustee denied fell within the authority provided to the Trustee in Article IIA1 and 2 of the Trust agreement.
The Trustee properly included decedent's stepson as an interested party in the Accounting because the Trust agreement allows for the payment of the bequest to him upon certification by the executors that the probate estate is insufficient, as the court found. Objectant failed to support objection 22 with any evidence of how decedent's stepson's inclusion as an interested party caused her damages. Similarly, objection 24 is unsupported by evidence of damage to objectant.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025