Matter of Sundmacher (2021 NY Slip Op 08236)





Matter of Sundmacher


2021 NY Slip Op 08236


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00341 
2018-00343

[*1]In the Matter of Helen Sundmacher, deceased. Leck Dzie, respondent; Robert Sundmacher, et al., appellants. (File No. 373827/13)


James D. Reddy, P.C., Lindenhurst, NY, for appellants.
Law Offices of Daniel J. Costello, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated May 15, 2017, and (2) a decree of the same court dated June 20, 2017. The order granted the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent. The decree admitted the will to probate.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
On December 20, 2010, Helen Sundmacher (hereinafter the decedent) executed her last will and testament under the supervision of an attorney. The will bequeathed her entire estate to the petitioner. Following the decedent's death, the petitioner commenced this proceeding to admit the will to probate, and the decedent's son, Robert Sundmacher, and her nephew, Richard Jackonski, filed objections to probate. After discovery was completed, the petitioner moved for summary judgment dismissing the objections to probate. The Surrogate's Court granted the motion and admitted the will to probate. The objectants appeal.
In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the validity of the will (see Matter of Sabatelli, 161 AD3d 873; Matter of Moskowitz, 116 AD3d 958).
The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (see EPTL 3-2.1[a]; Matter of Martinico, 177 AD3d 882, 883). Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects (see Matter of Sabatelli, 161 AD3d at 873-874; Matter of Moskowitz, 116 [*2]AD3d at 959). Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises (see Matter of Mele, 113 AD3d 858, 859).
Here, the petitioner demonstrated his prima facie entitlement to judgment as a matter of law dismissing the objections alleging lack of due execution through, inter alia, the will, which contains an executed attestation clause and is accompanied by a self-proving affidavit; the transcript of the deposition testimony of the attorney-drafter; and the transcripts of the deposition testimony of the attesting witnesses (see Matter of Sabatelli, 161 AD3d at 874; Matter of Templeton, 116 AD3d 781). In opposition to the prima facie showing, the objectants failed to raise a triable issue of fact (see Matter of Collins, 60 NY2d 466, 470-472). Accordingly, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objections alleging lack of due execution.
Additionally, a proponent of a will bears the initial burden of establishing that the decedent understood the nature and consequences of making the will, the nature and extent of his or her property, and the recipients of his or her bounty (see Matter of Kumstar, 66 NY2d 691, 692). In this case, the self-proving affidavit of the attesting witnesses, in which each witness declared that the decedent "was suffering no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect [her] capacity to make" a last will and testament, constituted prima facie evidence of the facts attested to and created a presumption of testamentary capacity (see Matter of Sabatelli, 161 AD3d at 874; Matter of Jacobs, 153 AD3d 622). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Mele, 113 AD3d at 860). Thus, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objections alleging that the decedent lacked testamentary capacity.
Further, the Surrogate's Court properly determined that the petitioner was entitled to summary judgment dismissing the objections alleging undue influence and fraud. The petitioner demonstrated his prima facie entitlement to judgment as a matter of law through evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that the will was not the product of undue influence or fraud (see Matter of Martinico, 177 AD3d at 885; Matter of Sabatelli, 161 AD3d at 875; Matter of Shui Yuk Mak Chin, 153 AD3d 628). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Eastman, 63 AD3d 738, 740).
Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment dismissing the objections to probate, and admitted the will to probate.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court