Matter of Schmidt (2021 NY Slip Op 02804)





Matter of Schmidt


2021 NY Slip Op 02804


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-13085

[*1]In the Matter of John G. Schmidt, deceased. Barbara M. Capone, respondent; John Schmidt, Jr., appellant. (File No. 357862)


Steven Greenfield, West Hampton Dunes, NY, for appellant.
John P. Della Ratta, Jr., Greenvale, NY, for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectant, John Schmidt, Jr., appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated October 17, 2017. The decree, upon an order of the same court dated August 4, 2017, granting the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent dated March 24, 2009, admitted the will to probate.
ORDERED that the decree is affirmed, with costs.
On March 24, 2009, John G. Schmidt (hereinafter the decedent) executed his last will and testament before two disinterested witnesses and under the supervision of the attorney who drafted it. The will, inter alia, expressly disinherited the decedent's son, John Schmidt, Jr., "having generously provided for him during my lifetime." This will was the third since 1992 in which the decedent declined to provide for his son. Following the decedent's death, the petitioner, the decedent's daughter, Barbara M. Capone, commenced this proceeding to admit the 2009 will to probate, and the decedent's son filed objections to probate.
After discovery was completed, the petitioner moved for summary judgment dismissing the objections to probate. The Surrogate's Court granted the motion and admitted the will to probate. The objectant appeals.
In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the viability of the will (see Matter of Sabatelli, 161 AD3d 872, 873; Matter of Moskowitz, 116 AD3d 958).
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]). "Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d at 873-874; see Matter of Farrell, 84 AD3d [*2]1374, 1374). "Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises" (Matter of Sabatelli, 161 AD3d at 874; see Matter of Mele, 113 AD3d 858, 860).
Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law dismissing the objections alleging lack of due execution through, inter alia, the will, which contains an executed attestation clause and is accompanied by a self-proving affidavit; the transcript of the deposition testimony of the attorney-drafter; and the transcripts of the deposition testimony of the attesting witnesses (see Matter of Sabatelli, 161 AD3d at 874). Contrary to the objectant's contention, the notary of the self-proving affidavit was not disqualified by reason of his relationship to the successor executor-trustee named in the will or his relationship to the law firm nominated in the will to represent the executor in settling the decedent's estate (see Lynch v Livingston, 6 NY 422, 423). In opposition to the prima facie showing, the objectant failed to raise a triable issue of fact (see Matter of Hadden, 188 AD3d 686, 688). Accordingly, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objections alleging lack of due execution.
"Additionally, the proponent of a will bears the initial burden of establishing that the decedent understood the nature and consequences of making the will, the nature and extent of his or her property, and the natural objects of his or her bounty" (Matter of Sabatelli, 161 AD3d at 874; see Matter of Kumstar, 66 NY2d 691, 692). Here, the self-proving affidavit, the transcript of the deposition testimony of the attorney-drafter, the transcripts of the deposition testimony of the attesting witnesses, and the affidavit of the petitioner, among other things, constituted prima facie evidence of testamentary capacity (see Matter of Sabatelli, 161 AD3d at 874). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Rottkamp, 95 AD3d 1338, 1339). Thus, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objections alleging that the decedent lacked testamentary capacity.
Further, the Surrogate's Court properly determined that the petitioner was entitled to summary judgment dismissing the objections alleging fraud and undue influence. The petitioner demonstrated her prima facie entitlement to judgment as a matter of law dismissing the objections alleging fraud and undue influence through evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that the will was not the product of fraud or undue influence (see Matter of Martinico, 177 AD3d 882, 885; Matter of Cianci, 165 AD3d 655, 657). In opposition, the objectant failed to submit any evidence, beyond conclusory allegations and speculation, that the petitioner or the attorney-drafter actually exerted undue influence over the decedent (see Matter of Cianci, 165 AD3d at 657-658).
Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment dismissing the objections to probate and admitted the will to probate.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court