Matter of Armato (2021 NY Slip Op 06614)





Matter of Armato


2021 NY Slip Op 06614


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-08833

[*1]In the Matter of Ben N. Armato, deceased. Maria Hardenburg, respondent; Catherine Ross, appellant. (File No. 1908/15)


Catherine Ross, White Plains, NY, appellant pro se.
Mitchell Pollack & Associates, PLLC, Tarrytown, NY (Mitchell B. Pollack and Eileen M. Burger of counsel), for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated May 10, 2018. The order granted the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent and admitting the will to probate.
ORDERED that the order is affirmed, with costs.
On May 12, 2011, Ben N. Armato (hereinafter the decedent) executed a last will and testament before Joseph J. Staropoli, the attorney who drafted the will and supervised the will's execution, and Maria T. Chiodi, a paralegal. The will excluded the objectant, Catherine Ross, one of the decedent's three daughters. Following the decedent's death, the petitioner, Maria A. Hardenburg, another of decedent's daughters, commenced this proceeding to admit the will to probate, and Catherine Ross filed objections to probate.
After discovery was completed, the petitioner moved for summary judgment dismissing the objections to probate and admitting the will to probate. The Surrogate's Court granted the motion, and the objectant appeals.
In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the viability of the will (see Matter of Sabatelli, 161 AD3d 872, 873; Matter of Moskowitz, 116 AD3d 958, 959-960).
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]). "Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d at 873-874; see Matter of Farrell, 84 AD3d 1374, 1374). "Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises" (Matter of Sabatelli, 161 AD3d at 874; see Matter of Mele, 113 AD3d 858, 860).
Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law dismissing the objections alleging lack of due execution by submitting, inter alia, the will, which contains an executed attestation clause and is accompanied by a self-proving affidavit, the affidavit and transcript of the deposition testimony of the attorney drafter/witness, and the transcript of the deposition testimony of the other witness, Maria T. Chiodi (see Matter of Sabatelli, 161 AD3d at 874). In opposition to the prima facie showing, the objectant failed to raise a triable issue of fact. Contrary to the objectant's contention, an attesting witness's failure to recall certain details of the execution ceremony is insufficient to rebut the presumption of due execution (see Matter of Collins, 60 NY2d 466, 471; Matter of Farrell, 84 AD3d at 1374).
In addition, the Surrogate's Court properly awarded summary judgment dismissing the objection alleging lack of testamentary capacity. In a will contest the proponent has the burden of proving that the testator possessed testamentary capacity, and the court must look to the following factors: (1) whether the testator understood the nature and consequences of executing a will; (2) whether the testator knew the nature and extent of the property being disposed of; and (3) whether the testator knew those who would be considered the natural objects of her or his bounty and her or his relations with them (see Matter of Kumstar, 66 NY2d 691, 692; Matter of Martinico, 177 AD3d 882, 884). "'Less capacity is required to enable one to make a will than to make other contracts'" (Matter of Martinico, 177 AD3d at 884, quoting Matter of Coddington, 281 App Div 143, 146). Testamentary capacity need only be shown at the time the will was executed, and physical weakness and senile dementia are not necessarily inconsistent with testamentary capacity (see Matter of Martinico, 177 AD3d at 884; Matter of Giaquinto, 164 AD3d 1527, 1529; Matter of Romano, 137 AD3d 922, 923; Matter of Anella, 88 AD3d 993, 995).
Here, the petitioner submitted prima facie evidence that the decedent possessed testamentary capacity at the time the will was executed in the form of the self-proving affidavit of the attesting witnesses and the affidavits and deposition testimony of those witnesses (see Matter of Martinico, 177 AD3d 882; Matter of Sabatelli, 161 AD3d at 874; Matter of Jacobs, 153 AD3d 622, 622-623). In opposition, the objectant failed to raise a triable issue of fact. Medical records indicating that the decedent had mild to moderate dementia consistent with Alzheimer's disease did not negate a showing that the decedent had testamentary capacity at the time the will was executed (see Matter of Romano, 137 AD3d at 923), and the affidavit of the objectant's expert psychologist opining, based on the medical records, that it was possible that the decedent lacked the testamentary capacity required to execute a will was based on speculation and conjecture (see e.g. Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215).
Further, the petitioner made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection alleging undue influence and fraud (see Matter of Christie, 170 AD3d at 720; Matter of Rottkamp, 95 AD3d at 1340; Matter of Eastman, 63 AD3d 738, 740). In opposition, the objectant failed to submit any evidence, beyond conclusory allegations and speculations, that anyone actually exercised undue influence over the decedent (see Matter of Schmidt, 194 AD3d 723, 725; Matter of Eastman, 63 AD3d at 740), or that fraudulent statements were made to the decedent to induce him to make a will disposing of his property in a manner contrary to that which he otherwise would have effected (see Matter of Christie, 170 AD3d at 720; Matter of Mele, 113 AD3d at 860-861; Matter of Rottkamp, 95 AD3d at 1340).
Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment dismissing the objections to probate and admitting the will to probate.
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court