Matter of Biondo (2023 NY Slip Op 01795)

Matter of Biondo

2023 NY Slip Op 01795

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01842

[*1]In the Matter of the Estate of Sally Biondo, deceased. Jack Biondo, petitioner-respondent; Salvatore Biondo, objectant-appellant. (File No. 385244/15)

DePinto Law, LLP, Smithtown, NY (David J. DePinto of counsel), for objectant-appellant.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Gerard J. Sweeney of counsel), for petitioner-respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Nassau County (Christopher G. Quinn, S.), dated November 13, 2019. The decree, insofar as appealed from, upon a jury verdict finding, inter alia, that the subject will was duly executed, admitted the will to probate.
ORDERED that the decree is affirmed insofar as appealed from, with costs.
Sally Biondo (hereinafter the decedent) died on June 13, 2015, survived by, among others, her two sons, Jack Biondo (hereinafter the petitioner) and Salvatore Biondo (hereinafter the objectant). In July 2015, the petitioner commenced a proceeding to admit to probate the decedent's last will and testament, dated April 22, 2015. Thereafter, the objectant filed objections to probate on the grounds, inter alia, that the will was not duly executed. The matter proceeded to a jury trial. After the petitioner rested, the objectant made an oral application for a directed verdict on the issue of due execution, and the Surrogate's Court denied that application. At the close of the trial, the jury found that the will was duly executed and was not the result of undue influence. The objectant then made an oral application pursuant to CPLR 4404(a) to set aside the verdict on the issue of due execution and for judgment as a matter of law, and the court denied that application. In a decree dated November 13, 2019, the court, among other things, admitted the will to probate. The objectant appeals.
"'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Hiotidis v Ramuni, 161 AD3d 955, 956, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hiotidis v Ramuni, 161 AD3d at 956 [internal quotation marks omitted], quoting Hand v Field, 15 AD3d 542, 543).
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]; Matter of Collins, 60 NY2d 466, 468). "'Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects'" (Matter of Armato, 199 AD3d 999, 999, quoting Matter of Sabatelli, 161 AD3d 872, 873-874). "Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises" (Matter of Sabatelli, 161 AD3d at 874). Further, "even where the memory of both attesting witnesses is failed or imperfect, a will nevertheless may be admitted to probate" (Matter of Christie, 170 AD3d at 720; see Matter of Collins, 60 NY2d at 471).
Here, viewing the evidence in the light most favorable to the petitioner (see Feldman v Knack, 170 AD3d 667, 669), a rational jury could have found that the petitioner established a presumption that the will was executed in compliance with the statutory requirements (see Matter of Armato, 199 AD3d at 1000; Matter of Sabatelli, 161 AD3d at 874), and that the failure of an attesting witness to recall the circumstances of the will execution was insufficient to rebut the presumption of due execution (see Matter of Collins, 60 NY2d at 471; Matter of Armato, 199 AD3d at 1000; Matter of Farrell, 84 AD3d 1374). Accordingly, the Surrogate's Court properly denied the objectant's applications for a directed verdict on the issue of due execution and to set aside the verdict on the issue of due execution and for judgment as a matter of law.
The objectant's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court