Matter of Fiorentino (2024 NY Slip Op 00629)

Matter of Fiorentino

2024 NY Slip Op 00629

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-03434

[*1]In the Matter of Pat Fiorentino, also known as Pasquale Fiorentino, deceased. Allison Weintraub, as executor of the estate of Carmela J. Costello, petitioner-respondent; Carmela Guggino, as administrator of the estate of Mary Giordano, objectant-appellant. (File No. 351/18)

Certilman Balin Adler & Hyman LLP, East Meadow, NY (David I. Lieser of counsel), for objectant-appellant.
Angelo A. Giordano, Brooklyn, NY, for petitioner-respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated January 27, 2020. The decree, upon an order of the same court dated December 16, 2019, granting the petitioner's motion for summary judgment dismissing the objections to probate of the decedent's last will and testament, admitted the will to probate.
ORDERED that the decree is affirmed, with costs.
On July 3, 2014, Pat Fiorentino, also known as Pasquale Fiorentino (hereinafter the decedent), executed his last will and testament before two disinterested witnesses and under the supervision of the attorney who drafted it. The will distributed the decedent's property to a living trust created on July 3, 2014. The decedent's son, Frank L. Fiorentino (hereinafter Frank), the decedent's sister-in-law, Carmela J. Costello, and a children's hospital were the beneficiaries of the trust upon the decedent's death. Frank died in July 2017, and the decedent died in December 2017.
Following the decedent's death, Costello commenced this proceeding to admit the will to probate. The decedent's sister, Mary Giordano, filed objections to probate on the grounds of lack of due execution, lack of testamentary capacity, and undue influence. After discovery, Costello moved for summary judgment dismissing the objections to probate. The Surrogate's Court granted the motion and admitted the will to probate. Giordano appeals. While the appeal was pending, Giordano and Costello died. This Court granted the application of the administrator of Giordano's estate to be substituted for Giordano and the application of the executor of Costello's estate to be substituted for Costello.
The Surrogate's Court properly granted that branch of Costello's motion which was for summary judgment dismissing the objection based on lack of due execution. "The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]). Here, [*2]Costello demonstrated her prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the attorney who drafted the will and supervised its execution, along with an affidavit and transcripts of the deposition testimony of the two attesting witnesses, which demonstrated that the statutory requirements for due execution were satisfied (see Matter of Martinico, 177 AD3d 882, 884; Matter of Moskowitz, 116 AD3d 958, 959). Moreover, "[w]here the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Robbins, 206 AD3d 739, 740 [internal quotation marks omitted]). In opposition, Giordano failed to raise a triable issue of fact (see Matter of Martinico, 177 AD3d at 884).
The Surrogate's Court also properly granted that branch of Costello's motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. "In a will contest the proponent has the burden of proving that the testator possessed testamentary capacity, and the court must look to the following factors: (1) whether the testator understood the nature and consequences of executing a will; (2) whether the testator knew the nature and extent of the property being disposed of; and (3) whether the testator knew those who would be considered the natural objects of her or his bounty and her or his relations with them" (Matter of Armato, 199 AD3d 999, 1000-1001; see Matter of Kumstar, 66 NY2d 691, 692). Here, Costello established, prima facie, that the decedent possessed testamentary capacity at the time the will was executed by submitting the self-proving affidavit of the attesting witnesses and the deposition testimony of the drafting attorney (see Matter of Robbins, 206 AD3d at 740; Matter of Sabatelli, 161 AD3d 872, 874). In opposition, Giordano failed to raise a triable issue of fact (see Matter of Sundmacher, 192 AD3d 898, 899).
Further, the Surrogate's Court properly granted that branch of Costello's motion which was for summary judgment dismissing the objection alleging undue influence. Costello demonstrated her prima facie entitlement to judgment as a matter of law through evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that the will was not the product of undue influence (see Matter of Robbins, 206 AD3d at 741; Matter of Cianci, 165 AD3d 655, 657). In opposition, Giordano failed to raise a triable issue of fact (see Matter of Sundmacher, 192 AD3d at 900).
The objectant's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Surrogate's Court properly granted Costello's motion for summary judgment dismissing the objections to probate and admitted the will to probate.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court