Matter of Baldino (2024 NY Slip Op 04263)

Matter of Baldino

2024 NY Slip Op 04263

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-06935

[*1]In the Matter of Augustine Baldino, also known as Augustine Michael Baldino, Sr., deceased. Holly Eldredge, etc., petitioner-respondent; Barbara Baldino-Murphy, also known as Barbara Murphy, objectant-appellant. (File No. 125/19)

Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Alexandra C. Downey and Allan B. Rappleyea of counsel), for objectant-appellant.
Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Mary K. Ephraim of counsel), for petitioner-respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Dutchess County (Michael G. Hayes, S.), entered August 25, 2021. The order and decree, insofar as appealed from, granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of testamentary capacity and undue influence and admitted the will to probate.
ORDERED that the order and decree is affirmed insofar as appealed from, with costs.
On September 27, 2018, Augustine Baldino, also known as Augustine Michael Baldino, Sr. (hereinafter the decedent), executed his last will and testament before two disinterested witnesses and under the supervision of the attorney who drafted it. The will distributed certain collectibles to the decedent's grandson and the remainder of the decedent's property to the petitioner, his "significant other" of 38 years. The decedent died on October 12, 2018.
The petitioner commenced this proceeding to admit the will to probate. The decedent's daughter, Barbara Baldino-Murphy, also known as Barbara Murphy (hereinafter the objectant), filed objections to probate on the grounds of lack of testamentary capacity and undue influence, among others. After discovery, the petitioner moved for summary judgment dismissing the objections. The objectant, inter alia, opposed the motion. In an order and decree entered August 25, 2021, the Surrogate's Court, among other things, granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of testamentary capacity and undue influence and admitted the will to probate. The objectant appeals.
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]; Matter of Fiorentino, 224 AD3d 685, 686). Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law by submitting a transcript [*2]of the deposition testimony of the attorney who drafted the will and witnessed its execution, along with a transcript of the deposition testimony of the additional attesting witness, which demonstrated that the statutory requirements for due execution were satisfied (see Matter of Robbins, 206 AD3d 739, 740). Moreover, "[w]here the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d 872, 873-874; see Matter of Fiorentino, 224 AD3d at 686). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Robbins, 206 AD3d at 740; Matter of Martinico, 177 AD3d 882, 884).
Contrary to the objectant's contention, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. "The proponent of a will has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether [the testator] understood the nature and consequences of executing a will; (2) whether [the testator] knew the nature and extent of the property she [or he] was disposing of; and (3) whether [the testator] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them" (Matter of Robbins, 206 AD3d at 740; see Matter of Kumstar, 66 NY2d 691, 692). Testamentary capacity need only be shown at the time the will was executed and physical weakness or senile dementia is not necessarily inconsistent with testamentary capacity (see Matter of Robbins, 206 AD3d at 740; Matter of Martinico, 177 AD3d at 884).
Here, the petitioner submitted evidence establishing, prima facie, that the decedent possessed testamentary capacity at the time the will was executed in the form of a self-proving affidavit of the attesting witnesses and deposition testimony of those witnesses (see Matter of Armato, 199 AD3d 999, 1001; Matter of Schmidt, 194 AD3d 723, 724). In opposition to the petitioner's prima facie showing, the objectant failed to raise a triable issue of fact (see Matter of Fiorentino, 224 AD3d at 687).
Further, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection alleging undue influence. The petitioner demonstrated her prima facie entitlement to judgment as a matter of law through the submission of evidence that the will was not the product of undue influence (see Matter of Cianci, 165 AD3d 655, 657-658; Matter of Marra, 123 AD3d 1130, 1131; Matter of Zirinsky, 43 AD3d 946, 947-948). In opposition the objectant failed to raise a triable issue of fact (see Matter of Fiorentino, 224 AD3d at 687).
Accordingly, the Surrogate's Court properly granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of testamentary capacity and undue influence and admitted the will to probate.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court