Matter of Austin (2025 NY Slip Op 05234)

Matter of Austin

2025 NY Slip Op 05234

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-03132

[*1]In the Matter of Shirley Austin, also known as Shirley J. Austin, deceased. Trina Goutremout, respondent; Kyle Austin, appellant. (File No. 743/21)

Wirth Law Firm, Rhinebeck, NY (John C. Wirth, Jr., of counsel), for appellant.
Mackey, Butts & Whalen LLP, Poughkeepsie, NY (Richard R. DuVall of counsel), for respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Dutchess County (Michael G. Hayes, S.), dated March 7, 2024. The order and decree, inter alia, granted the petitioner's motion, inter alia, for summary judgment dismissing the objections to probate and determining that the objectant violated an in terrorem clause in the decedent's will and thereby forfeited his bequests under the will and a trust, and to direct the Dutchess County Clerk to accept a certain deed for recording, denied the objectant's cross-motion, inter alia, for summary judgment dismissing the petition, and admitted the will to probate.
ORDERED that the order and decree is affirmed, with costs.
In December 2008, Shirley Austin, also known as Shirley J. Austin (hereinafter the decedent) created an irrevocable trust (hereinafter the trust) devising certain real property located in Dutchess County and Otsego County to her children, including Trina Goutremout (hereinafter the petitioner) and Kyle Austin (hereinafter the objectant), effective upon her death. Thereafter, the decedent acquired two more parcels of property located in the Town of Poughkeepsie. By deed dated September 21, 2011, those parcels were conveyed from the seller to the decedent and the objectant as joint tenants with the right of survivorship. By deed dated November 10, 2011, the parcels were conveyed from the decedent and the objectant to the trustees of the trust (hereinafter the subject deed).
On July 9, 2020, the decedent executed a last will and testament before two disinterested witnesses, one of whom was the attorney who drafted it and supervised its execution. The will exercised the trust's power of appointment, thus modifying the dispositive provisions of the trust, and devised certain properties to each of the decedent's three children, including the petitioner and the objectant. The will contained an in terrorem clause, which provided that if any beneficiary under the will contested, obstructed, opposed, or resisted "the probate of or validity of th[e] will or any trust at any time created" by the decedent, such beneficiary "shall forfeit all bequests and rights conferred" upon them by the will and any trust.
The decedent died in July 2021. Thereafter, the petitioner commenced this proceeding to admit the will to probate. The objectant filed objections to probate on the grounds, inter alia, of lack of testamentary capacity and undue influence. Thereafter, the petitioner moved, among other things, for summary judgment dismissing the objections to probate and determining that the objectant violated the in terrorem clause in the will and thereby forfeited his bequests under the will and the trust, and to direct the Dutchess County Clerk to accept the subject deed for recording. The objectant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the petition. In an order and decree dated March 7, 2024, the Surrogate's Court, among other things, granted the petitioner's motion, denied the objectant's cross-motion, and admitted the will to probate. The objectant appeals.
"'The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements'" (Matter of Biondo, 215 AD3d 675, 676, quoting Matter of Christie, 170 AD3d 718, 719; see EPTL 3-2.1[a]). Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the attorney who drafted the will and witnessed its execution, along with a transcript of the deposition testimony of the additional attesting witness, which demonstrated that the statutory requirements for due execution were satisfied (see Matter of Baldino, 230 AD3d 681, 682). Moreover, "[w]here the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Armato, 199 AD3d 999, 1000 [internal quotation marks omitted]; see Matter of Schmidt, 194 AD3d 723, 724). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Baldino, 230 AD3d at 682).
Contrary to the objectant's contention, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. "The proponent of a will has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she [or he] understood the nature and consequences of executing a will; (2) whether she [or he] knew the nature and extent of the property she [or he] was disposing of; and (3) whether she [or he] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them" (Matter of Robbins, 206 AD3d 739, 740).
Here, the petitioner submitted evidence establishing, prima facie, that the decedent possessed testamentary capacity at the time the will was executed in the form of a self-proving affidavit of the attesting witnesses and the deposition testimony of those witnesses (see Matter of Armato, 199 AD3d at 1000; Matter of Schmidt, 194 AD3d at 724). In opposition to the petitioner's prima facie showing, the objectant failed to raise a triable issue of fact (see Matter of Fiorentino, 224 AD3d 685, 686).
Further, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection alleging undue influence. The petitioner demonstrated her prima facie entitlement to judgment as a matter of law through the submission of evidence that the will was not the product of undue influence (see Matter of Walther, 6 NY2d 49, 53; Crawford v Smith, 219 AD3d 691, 693; Matter of Nurse, 160 AD3d 745, 748). In opposition to the petitioner's prima facie showing, the objectant failed to raise a triable issue of fact (see Matter of Fiorentino, 224 AD3d at 686).
The Surrogate's Court properly determined that the objectant violated the in terrorem clause in the will and thereby forfeited any bequests to him under the will and the trust. "'[W]hile in terrorem clauses are enforceable, they are not favored and [must be] strictly construed'" (Carlson v Colangelo, ___ NY3d ___, ___, 2025 NY Slip Op 02264, *3 [internal quotation marks omitted], quoting Matter of Singer, 13 NY3d 447, 451; see Matter of Biondo, 215 AD3d 677, 678). "The cardinal rule of construction of a will and, concomitantly, of an in terrorem clause, is to carry out the intent of the testator" (Matter of Ellis, 252 AD2d 118, 127; see Matter of Singer, 13 NY3d at 451; Matter of Tumminello v Bolten, 59 AD3d 727, 728). "The intention must be gathered from all of the surrounding circumstances and the writings interpreted according to the purpose which the parties [*2]had in mind" (Matter of Cook, 244 NY 63, 69; see Matter of Ellis, 252 AD2d at 127-128).
Here, the petitioner established her prima facie entitlement to judgment as a matter of law on the issue of invoking the will's in terrorem clause. The petitioner's submissions in support of her motion demonstrated, inter alia, that the objectant filed objections to probate. Accordingly, the petitioner demonstrated that the objectant attacked the validity of the will in violation of the decedent's apparent intention to prevent such actions by including an in terrorem clause in the will (see Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255, 1257; see also Matter of Tumminello v Bolten, 59 AD3d at 728). In opposition to the petitioner's prima facie showing, the objectant failed to raise a triable issue of fact.
The Surrogate's Court properly directed the Dutchess County Clerk to accept the subject deed for recording. "A grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery" (Real Property Law § 244). "In order to transfer title, an executed deed must be delivered to and accepted by the grantee" (Matter of Humann, 136 AD3d 1036, 1036, citing Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372; see Block 865 Lot 300, LLC v Baione, 230 AD3d 552, 554) or to a third party on the grantee's behalf (see Winick v Winick, 26 AD2d 663). A deed is presumed to have been "delivered and accepted at its date," although the presumption must yield to opposing evidence (M & T Real Estate Trust v Doyle, 20 NY3d 563, 568 [internal quotation marks omitted]; see Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d at 372; Block 865 Lot 300, LLC v Baione, 230 AD3d at 554).
Here, the petitioner established her prima facie entitlement to judgment as a matter of law by demonstrating that the subject deed was properly delivered (see Matter of Humann, 136 AD3d at 1036). In support of her motion, the petitioner submitted a copy of the subject deed, which was executed in November 2011. Evidence that the subject deed was not properly recorded was not sufficient to overcome the presumption of delivery, since recording is not required in order to transfer title to real property (see Morin v Morin, 197 AD3d 1171, 1173).
Accordingly, the Surrogate's Court properly granted the petitioner's motion, among other things, for summary judgment dismissing the objections to probate, properly denied the objectant's cross-motion, inter alia, for summary judgment dismissing the petition, and properly admitted the will to probate.
The objectant's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court