Matter of Lowinger (2025 NY Slip Op 06169)

Matter of Lowinger

2025 NY Slip Op 06169

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-01700

[*1]In the Matter of Edith Lowinger, deceased. Liza Lowinger, et al., appellants, et al., objectant, Andrew Lowinger, et al., respondents. (File No. 4389/18)

Novick & Associates, P.C., Huntington, NY (Albert V. Messina, Jr., and Donald Novick of counsel), for appellants.
Greenfield Stein & Senior, LLP, New York, NY (Gary B. Freidman, Jeffery H. Sheetz, and Tzipora Zelmanowitz of counsel), for respondents.

DECISION & ORDER
In a probate proceeding, the objectants Liza Lowinger and Alan Lowinger Barlow appeal from a decree of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated September 18, 2020. The decree, upon an order of the same court dated September 4, 2020, granting the petitioners' motion for summary judgment dismissing the objections to probate of the decedent's last will and testament dated November 17, 2015, admitted the will to probate.
ORDERED that the decree is affirmed, with costs.
Edith Lowenstein (hereinafter the decedent) died in 2017 at the age of 94, and her two remaining sons, the petitioners, Andrew Lowinger and Ronald Lowinger, offered a will dated November 17, 2015, for probate. The decedent's third son, Louis Lowinger, died in 2013. Liza Lowinger and Alan Lowinger Barlow (hereinafter together the appellants), with their sister Michelle Lowinger, who collectively are the issue of Louis, filed objections based on, inter alia, allegations of forgery and undue influence.
The petitioners moved for summary judgment dismissing the objections to probate. In an order dated September 4, 2020, the Surrogate's Court granted the motion. In a decree dated September 18, 2020, the court, upon the order, admitted the will to probate. This appeal ensued.
"In a contested probate proceeding, summary judgment is appropriate where a petitioner establishes a prima facie case for probate and the objectant fails to raise a triable issue of fact concerning the viability of the will" (Matter of Armato, 199 AD3d 999, 1000; see Matter of Schmidt, 194 AD3d 723, 724). "The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Robbins, 206 AD3d 739, 740 [internal quotation marks omitted]; see EPTL 3-2.1[a]; Matter of Fiorentino, 224 AD3d 685, 686). "[W]here the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises" (Matter of Sundmacher, 192 AD3d 898, 899; see Matter of Mele, 113 AD3d 858, 860). A petitioner demonstrates prima facie entitlement to judgment as a matter of law dismissing an objection alleging undue influence "through the submission of evidence that the will was not the [*2]product of undue influence" (Matter of Baldino, 230 AD3d 681, 683; see Matter of Cianci, 165 AD3d 655, 657).
Here, in support of the motion, the petitioners submitted, among other things, the will, which included an attestation clause subscribed by three attesting witnesses, a self-proving affidavit subscribed by those witnesses, and portions of transcripts of the deposition testimony of those three witnesses, which demonstrated, prima facie, that the propounded will was executed in conformance with EPTL 3-2.1(a) (see Matter of Robbins, 206 AD3d at 740). That evidence, as well as the transcript of the deposition testimony of the attorney who consulted with the decedent and then drafted the will, further demonstrated, prima facie, that the will was not the product of undue influence (see Matter of Baldino, 230 AD3d at 682-683; Matter of Cianci, 165 AD3d at 657).
In opposition, the appellants failed to raise a triable issue of fact. Contrary to the appellants' contention, their submission of an affidavit of their expert failed to raise a triable issue of fact on the issue of forgery, as the expert's statements concerning the alleged forgery were speculative and the expert failed to render a final opinion (see Rybek v New York City Health & Hosps. Corp., 228 AD3d 968, 969; Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 656). Furthermore, the evidence presented by the appellants regarding Ronald's level of involvement in the preparation of the will was insufficient to raise a triable issue of fact on the issue of undue influence (see Matter of Fiorentino, 224 AD3d at 687; Matter of Sundmacher, 192 AD3d at 900).
The appellants' remaining contentions are either without merit or not properly before this Court.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court